# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIREZ, | Case No. 1:16-cv-01347-SAB-PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF |
| v. | |
| U. BANIGA, et al., | |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Currently before the Court is Plaintiff's complaint filed September 12, 2016. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 26, 2016. (ECF No. 5.)

1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CCI Tehachapi, brings this civil rights action against Defendant correctional officials employed by the CDCR at CCI Tehachapi, where the conduct at issue occurred. Plaintiff names as Defendants the following individuals: U. Baniga, Chief Physician and Surgeon; S. Shiesha, Chief Medical Executive. Plaintiff also names as a Defendant J. Lewis, Deputy Director, Policy and Risk Management Services for the CDCR.

Plaintiff alleges that "on or about 2012, plaintiff injured his back and was prescribed medications that damage the liver." (ECF No. 1, p. 3.) Plaintiff alleges that he has suffered from hepatitis C for 15 years. Plaintiff alleges that in December of 2015, he had an appointment

with a health care provider. Plaintiff alleges that he requested treatment for his hepatitis C, and that the request was denied. Plaintiff filed an inmate grievance regarding his lack of treatment. Although it is unclear from the complaint, it appears that Plaintiff is alleging that Defendants are liable under the Eighth Amendment because they denied Plaintiff's inmate grievance. Plaintiff alleges generally that Defendants are liable, as they refused to treat Plaintiff's hepatitis, and ignored Plaintiff's requests for treatment. Plaintiff also alleges that Defendants delayed treatment.

## III.

## DISCUSSION

### A.   Eighth Amendment Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)(quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

The Court finds Plaintiff's allegations to be vague and conclusory. Plaintiff identifies three individual Defendants, but fails to charge them with any specific conduct. Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir.

1  2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams,
2  297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but
3  merely provides a method for vindicating federal rights elsewhere conferred." Crowley v.
4  Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v.
5  Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted). To state a claim,
6  Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between
7  each defendant's actions or omissions and a violation of his federal rights. Lemire v. California
8  Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d
9  1202, 1205-08 (9th Cir. 2011). In order to hold an individual defendant liable, Plaintiff must
10 name the individual defendant, describe where that defendant is employed and in what capacity,
11 and explain how that defendant acted under color of state law. Plaintiff should state clearly, in
12 his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did
13 to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.
14 Defendants should therefore be dismissed for Plaintiff's failure to state a claim against them.

**B.    Supervisory Liability**

16      Plaintiff is also advised that Defendants cannot be held liable for the conduct of any
17 subordinates. Government officials may not be held liable for the actions of their subordinates
18 under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a
19 government official cannot be held liable under a theory of vicarious liability for section 1983
20 actions, Plaintiff must plead that the official has violated the Constitution through his own
21 individual actions. Id. at 673. In other words, to state claim for relief under section 1983,
22 Plaintiff must link each named defendant with some affirmative act or omission that
23 demonstrates a violation of Plaintiff's federal rights. Plaintiff must allege facts indicating that
24 each of the individual Defendants knew of and disregarded a serious medical condition of
25 Plaintiff's, resulting in injury to Plaintiff.

**C.    Grievance Process**

27      To the extent that Plaintiff seeks to hold Defendants liable because of their participation
28 in the grievance process, he is advised that involvement in reviewing an inmate's administrative

appeal does not necessarily demonstrate awareness of an alleged violation, or contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014). In order to hold these Defendants liable, Plaintiff must allege facts as to each Defendant indicating that they knew of and disregarded a serious medical condition of Plaintiff's, resulting in injury to Plaintiff.

## IV.
## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed September 12, 2016, is dismissed for failure to state a

claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismissed this action, with prejudice, for failure to state a claim and to obey a court order.

IT IS SO ORDERED.

Dated:   **October 6, 2016**

UNITED STATES MAGISTRATE JUDGE