# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>U. BANIGA, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01347-SAB-PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 7)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

Currently before the Court for screening is Plaintiff's first amended complaint, filed October 24, 2016. (ECF No. 7.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at the California Correctional Institution in Tehachapi, California ("CCI") where the events at issue in this action occurred. Plaintiff names as defendants the following individuals: (1) U. Baniga, Chief Physician and Surgeon at CCI; S. Shiesha, Chief Medical Executive at CCI; and (3) J. Lewis, Policy & Risk Management Services – Health Care, for the CDCR. Plaintiff alleges the following:

On or about 2012, Plaintiff injured his back and was prescribed medications that damages the liver. Plaintiff has been living with Hepatitis C for over 15 years. In December 2015, Plaintiff met with his health care provider and requested further tests and treatment, and that request was denied. Plaintiff filed an inmate appeal to the highest level, and was denied.

2

1 | Plaintiff is a chronic care inmate with Hepatitis C infection. Defendant Baniga was acting under color of law when he denied Plaintiff further testing and treatment for Hepatitis C. Defendant Baniga showed deliberate indifference to Plaintiff's medical needs by not providing proper medical care, by not ordering blood tests and a liver scan to determine what stage the virus was in, and provide treatment. Defendant Baniga's deliberate indifference to Plaintiff's medical needs violates Plaintiff's Eighth Amendment rights and Fifth Amendment rights to due process.

Defendant Shiesha was acting under color of law by denying Plaintiff further testing and treatment for Hepatitis C. Defendant Shiesha reviews medical complaints at the second level, and denied Plaintiff's request for treatment, showing deliberate indifference for Plaintiff's medical needs. Defendant Shiesha did not provide proper medical care by failing to order blood tests and liver scans to determine what stage the virus is in, and provide treatment. Defendant Shiesha violated Plaintiff's Eighth Amendment rights and Fifth Amendment rights to due process.

Plaintiff already had a blood test. However, to determine what treatment is required for Hepatitis C, a blood test is done for HIV, and then a liver scan is done. This is what Plaintiff is asserting that the defendants did not do when Plaintiff says that no further testing was done.

Defendant Lewis is the supervisor that hears the appeals (602) at the third level. Defendant Lewis was acting under color of law by denying Plaintiff's appeal for further testing and treatment for Hepatitis C. This deliberate indifference violated Plaintiff's Eighth Amendment rights, and Fifth Amendment rights to due process.

Each Defendant contends that Plaintiff does not qualify for treatment because "HCV" is in stage one. However, the pathology report dated February 16, 2014 shows changes with "chronic hepatitis consistent with Hepatitis C infection; mild spilling out of the limiting plate is seen with a few inflammatory cells spilling out into the adjacent lobules and some focal glycogenation of the nuclei." (ECF No. p. 4-5.)

Plaintiff asserts that his health is deteriorating, and each defendant should be held liable for his delay in medical care resulting in substantial harm. Plaintiff seeks a transfer to a medical

facility for treatment, and compensatory and punitive damages. Also, Plaintiff refers to exhibits at various points in his amended complaint, but no exhibits were attached to this filing.

## III.

## DISCUSSION

### A. Eighth Amendment Medical Care

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, at 106; Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) ("The deliberate indifference doctrine is limited in scope.").

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th

Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (quoting Jackson, 90 F.3d at 332).

Here, Plaintiff alleges that he has chronic Hepatitis C, but he does not state any facts showing that a failure to treat the condition will result in a significant injury. Moreover, although he complains that each of the defendants denied him further testing and treatment, his allegations at most show a difference in medical opinions between him and the staff. Plaintiff alleges that he had a blood test, but did not have a liver scan, and the basis was that he did not qualify for the treatment because of his test results; that is, because his Hepatitis C is at "stage one."

As stated above, a difference in medical opinion, or even negligence, is not sufficient to state an Eighth Amendment violation. Plaintiff must meet the standards explained above. His conclusory allegations that his medical care is not appropriate, or that the delay in treatment is causing harm, are not sufficient. Plaintiff must allege sufficient facts to show that each defendant is aware of a serious medical need and was deliberately indifferent to that need. Plaintiff will be granted one final opportunity to amend his allegations to cure these deficiencies.

**B. Due Process**

Plaintiff also states his intent to bring a due process claim under the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Here, Plaintiff's allegations are against state officials. His complaint does not state a Fifth Amendment due process claim, and this defect is not capable of being cured through amendment.

Furthermore, to the extent Plaintiff's due process claim is based on defects in the administrative grievance process, Plaintiff is advised that he has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Failing to properly process a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, No. 1:05-cv-

1  01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Williams v. Cate, No. 1:09-cv-00468-OWW-YNP PC, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims."). Such a claim is also not capable of being cured through amendment.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's first amended complaint fails to state a claim upon which relief may be granted. Plaintiff will be granted one final opportunity to attempt to cure the deficiencies in his pleadings.

Plaintiff is granted leave to file a second amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Plaintiff is advised that an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in and of itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2. Plaintiff's first amended complaint, filed October 24, 2016 (ECF No. 7), is dismissed for failure to state a claim, with leave to amend;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint or a notice of voluntary dismissal of this action; and

4. **If Plaintiff fails to file a second amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated:   **June 27, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

7