# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS RAMIREZ,<br><br>      Plaintiff,<br><br>   v.<br><br>U. BANIGA, et al.,<br><br>      Defendants. | Case No.: 1:16-cv-01347-SAB-PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, SUBJECTING PLAINTIFF TO STRIKE UNDER 28 U.S.C. § 1915(g)<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ENTER JUDGMENT |

Plaintiff Carlos Ramirez is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF No. 5.)

Currently before the Court for screening is Plaintiff's first amended complaint, filed October 24, 2016. (ECF No. 7.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Valley State Prison. The events at issue occurred while he was housed at the California Correctional Institution in Tehachapi, California ("CCI") Plaintiff names the following defendants: (1) U. Baniga, Chief Physician and Surgeon at CCI; S. Shiesha, Chief Medical Executive at CCI; (3) Dr. El Said, medical doctor/physician at CCI; and (3) J. Lewis, Policy & Risk Management Services Deputy Director for CDCR.

The gravamen of Plaintiff's complaint is that he should be provided Harvoni medication to treat his Hepatitis C. Plaintiff alleges that under new CDCR guidelines, he should get treatment with Harvoni due to his Fib.4 score and viral load. Harvoni is a cure for Hepatitis C. Plaintiff requested the newly offered Harvoni medication at an appointment with Dr. El Said on

December 15, 2015. However, Dr. El Said told Plaintiff that he did not qualify for the new treatment because his Hepatitis C is in stage 1. Dr. El Said disregarded that Plaintiff's viral load is high and the results of his liver biopsy.

Plaintiff was prescribed pain medications due to mild degenerative disc disease and a back injury, but he cannot take certain medications because they will strain and damage his liver. Therefore, he makes a choice between experiencing severe back pain, or to take the medications that would harm his liver and allow Hepatitis C to further damage his liver.

Plaintiff filed an inmate healthcare appeal regarding Dr. El Said's decision not to prescribe Harvoni, which was reviewed and denied by Dr. Baniga. Plaintiff appealed Dr. Baniga's decision, which was reviewed and denied by Dr. Shiesha. Plaintiff appealed Dr. Sheisha's decision, which was rejected by Deputy Director J. Lewis.

## III.

## DISCUSSION

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

"Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."

Estelle, at 106; Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) ("The deliberate indifference doctrine is limited in scope.").

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012) (quoting Jackson, 90 F.3d at 332).

Plaintiff's allegations against regarding Dr. El Said's decision to deny him Harvoni to treat his Hepatitis C amount to no more than medical malpractice, at best. According to Plaintiff' Dr. El Said was negligent in ignoring certain medical test results and factors in making his decision, and by relying only upon Dr. El Said's understanding that Plaintiff's Hepatitis C was at stage one. Plaintiff also alleges that Dr. El Said did not properly apply CDCR guidelines in denying the medication. However, as alleged, these are acts of negligence, or possibly a difference in medical opinion. These allegations are not sufficient to state an Eighth Amendment violation.

Plaintiff seeks to bring a claim against the remaining defendants based on their review and denial of his health care appeals and their failure to intercede or take corrective action regarding Dr. El Said's decision to not treat Plaintiff with Harvoni medication. However, Plaintiff has not shown any constitutional violation amounting to deliberate indifference to a serious medical need by Dr. El Said. Therefore, he Plaintiff cannot bring a claim against those who reviewed the decision and did not intercede to change it. See Fregia v. St. Clari, No. 1:16-cv-01866-SKO-PC, 2017 WL 2813214, at *5 (E.D. Cal. June 29, 2017) (where Plaintiff has not stated a deliberate indifference claim regarding medical care, he cannot proceed against anyone for the handling if his health care appeals).

## IV.
## CONCLUSION AND ORDER

Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, but has been unable to state any cognizable claim. Based upon the allegations in Plaintiff's original and amended pleadings, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of his constitutional rights, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may not deny leave to amend when amendment would be futile.") Therefore, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, it is HEREBY ORDERED that:

1. The instant action is dismissed, with prejudice, for failure to state a cognizable claim for relief;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: **October 19, 2017**

UNITED STATES MAGISTRATE JUDGE